ALEX. HIGHTOWER *v.* THE STATE.

1. CONFESSION.  *Before magistrate.  Presumption as to whether reduced to writing.*
   As the law requires a magistrate, in examining a criminal charge, to reduce to writing any confession made by the accused, the presumption is, on the trial of one in the Circuit Court who has made such confession, in the absence of proof, that it was reduced to writing by the magistrate, in the discharge of his official duty.

2. SAME.  *Search for record thereof.  Admission of secondary evidence.*
   If, upon such trial in the Circuit Court, the defendant demands the production of the record of the proceedings in the examination by the magistrate, and the court sends "one of its officers to search for the record, and he reports to the court, under oath, that it cannot be found," it is proper to admit parol evidence of the confession, in case there be no evidence of such record being elsewhere than in the possession of the Circuit Court, as it is presumed to be.

3. SAME.  *Whether voluntary.  Absence of proof from record.  Presumption in this court.*
   Where, upon an appeal by the defendant in a criminal case, it is objected that there is no proof that a confession which was used in evidence against the accused was voluntary, the objection will not be entertained by this court if it does not appear by the record that it was made in the court below. In such case, the presumption is that it was proven before the Circuit Court that the confession was voluntary.

APPEAL from the Circuit Court of Washington County.
Hon. B. F. TRIMBLE, Judge.

Alex. Hightower, indicted for burglary, was put upon his trial, and E. Frankel, a witness for the State, and the owner of the house which had been broken open, testified that in the examination of the charge before the committing magistrate the accused confessed his participation in the crime, and the witness stated his recollection of the language used in the confession. Upon cross-examination, the witness stated that the confession was reduced to writing by the magistrate; and then, upon the motion of the defendant, all of the witness's testimony in relation to the confession was excluded from the evidence. The district attorney reëxamined Frankel, and then he stated " that the justice of the peace did not take down the statement, nor did his clerk, in writing; that the only knowledge he had of what the magistrate wrote down was, that he saw him writing during the trial." Thereupon the court ruled that the parol evidence of the confession was competent to go to the jury. The defendant then called for the record of the proceedings before the magistrate; and in response to this demand, as the bill of exceptions recites, " an officer of the court was sent for said record, who returned in a few minutes, saying, under oath, that the same could not be found." The testimony of the witness Frankel as to the confession was then admitted in evidence, to the admission of which the defendant excepted. He was convicted, and appealed to this court.

*S. W. Ferguson*, for the appellant.

It was error in the court to admit the evidence of E. Frankel as to the confession of the accused on his examination before the committing magistrate. The said evidence is contradictory in itself, and, if it proves anything, proves that the alleged confession was taken down in writing. There is no proof that said proceedings were not taken down in writing, and no proof to account for their non-production by the State. The mere sending of an officer of the court during the trial of the cause, and his statement, after a brief absence, that the record from the

magistrate could not be found, is not sufficient ground for the admission of secondary evidence.

*Frank Johnston*, on the same side.

1. I assume that the alleged confession made by the accused was reduced to writing by the magistrate. The presumption of law is that the magistrate performed his legal or official duty, and wrote out the statement made by the accused. 50 Miss. 334, 335. I insist that the preliminary proof of the loss of the record was insufficient for the admission of the secondary evidence. Proof ought to have been made in the first instance of the loss or destruction of the record; if of its loss, then the evidence *in limine* ought to show clearly that diligent search and inquiry have been made by those parties in whose possession the record should be, and that after such search it cannot be found. *Freeland* v. *McCaleb*, 2 How. 756; 1 Greenl. on Ev. 595, 596. And if the the search has been made, the person by whom it was made must be called to testify respecting it. 1 Greenl. on Ev. 596.

2. There was no evidence in the case to show that the alleged confession was voluntary. "Before any confession can be received in evidence in a criminal case, it must be shown that it was voluntary." 1 Greenl. on Ev., sect. 219.

*T. C. Catchings*, Attorney-General, for the State.

The learned judge of the Circuit Court was, of course, familiar with the rules laid down by this court in *Wright* v. *The State*, 50 Miss. 332, in reference to the proof of confessions; and as, taking the most favorable view of the statement of Frankel upon this point, it must be conceded that it was left uncertain whether the statement of the accused was reduced to writing or not, we must conclude that the judge proceeded under the belief that the statement was reduced to writing, and afterwards lost or destroyed, or placed beyond the control of the State.

CAMPBELL, J., delivered the opinion of the court.

This case may be considered as if Mr. Frankel had not tes-

tified at all as to whether or not the committing magistrate reduced to writing the alleged confession of the accused. Then it stands thus : The law required the officer to reduce to writing the confession of the accused, and to certify and send up the record made to the Circuit Court, and, in the absence of proof, the presumption is that the officer did his duty ; and as the court, in the trial of this case, sent one of its officers to search for this record, who reported to the court, under oath, that it could not be found, it was proper to admit parol evidence of the confession or admission of the accused before the examining court. Presumedly, the record made by the examining magistrate was in the possession of the Circuit Court. If it caused search to be made for it among its records, and it could not be found, it was competent to prove by parol the confession, unless it was made to appear that the record of it was in existence somewhere else. There was no such suggestion. The evidence of the confession of the accused was objected to solely on the ground of the absence of the writing made by the justice of the peace who examined the charge against him. There was no hint in the court below, so far as the bill of exceptions shows, that the confession was not voluntary. It must be assumed to have been such, and that it was so made to appear to the Circuit Court. Its action must be held to have been correct, except wherein it is distinctly shown not to have been. He who complains of error in the action of the court below must point it out. He must be able to " put his finger on it." Otherwise it will be presumed to have been correct.

Judgment affirmed.